Harold **HARTER**, Plaintiff—Appellant,

v.

**BUDGE**, Associate Warden; et al.,
Defendants—Appellees.

No. 04–15004.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Harold Harter, Lovelock, NV, pro se.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Harold Harter, a Nevada state prisoner, appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 action alleging prison officials acted with deliberate indifference to his safety when they left him unsupervised in an unlocked room where he was attacked and severely beaten by other prisoners. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under the screening provisions of the Prison Litigation Reform Act. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, vacate in part, and remand.

■ The district court properly dismissed Harter's claims against the warden and associate warden in their individual capacities, because Harter failed to allege these defendants "directed, participated in, or had knowledge of any alleged misconduct on the part of" the Doe defendants. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). The claims against these defendants in their official capacities were also properly dismissed because Harter made no allegations that the defendants acted pursuant to a policy or custom of constitutional deprivation. *See Redman v. County of San Diego,* 942 F.2d 1435, 1443–44 (9th Cir.1991).

■ The district court erred, however, in dismissing the action as to the Doe defendants simply because Harter was unaware of their identities at the time he filed the complaint. *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) ("where the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds") (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 942 (9th Cir.1980)). In its November 7, 2003 order, the magistrate judge properly concluded that Harter sufficiently alleged that the Doe guards' actions demonstrated deliberate indifference to his safety. *See Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, the district court's December 18, 2003 dismissing the action failed to acknowledge the Doe guards' alleged participation in the Eighth Amendment violation. Accordingly, we vacate the district court's order. *See Wakefield,* 177 F.3d at 1165–66.

Harter's motion for appointment of counsel on appeal is DENIED without

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prejudice to Harter requesting appointment of counsel in the district court on remand.

AFFIRMED in part; VACATED in part; REMANDED as to the Eighth Amendment claim against Doe defendants.